# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATURAL RESOURCES DEFENSE COUNCIL, 111 Sutter Street, 21st Floor, San Francisco, California 94121 <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL OCEANIC AND ATMOSPHERIC ADMINISTRATION - FISHERIES, 1315 East-West Highway, Silver Spring, Maryland 20910 <br><br> Defendant. | CIVIL ACTION <br> Case No.: 19-3535 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

## INTRODUCTION

1. Defendant National Oceanic and Atmospheric Administration – Fisheries, also known as the National Marine Fisheries Service (Fisheries Service), is violating the Freedom of Information Act (FOIA), 5 U.S.C. § 552, by failing to disclose records responsive to a request from Plaintiff Natural Resources Defense Council, Inc. (NRDC) regarding the Fisheries Service's recent consultation on the impacts to federally protected winter-run Chinook salmon and spring-run Chinook salmon from the operations of the Central Valley Project and State Water Project.

2. The U.S. Bureau of Reclamation (Reclamation) operates the Central Valley Project, which supplies water to agricultural, municipal, and industrial users throughout California. The operation of the Central Valley Project, along with operation of the State Water Project by the California Department of Water Resources, has vast, well-documented negative

impacts on the health of the San Francisco Bay-Delta ecosystem, as well as on its tributaries including the Sacramento River and San Joaquin River and their tributaries. These negative impacts are felt throughout the ecosystem, and have resulted in precipitous declines in native winter-run Chinook salmon and spring-run Chinook salmon, among other species. As a result, winter-run Chinook salmon and spring-run Chinook salmon are now protected under the federal Endangered Species Act (ESA). Due to the protected status of these species, Reclamation is required to consult with the Fisheries Service (the agency responsible for assessing impacts to these fish under the ESA) to evaluate the impacts of the Central Valley Project operations on these fish and ensure that the operations do not jeopardize the continued existence of the species or adversely modify their critical habitat.

3.      Since Chinook salmon were first protected under the ESA, Reclamation has consulted with the Fisheries Service several times regarding the impacts of operations of the Central Valley Project on winter-run and spring-run Chinook salmon. In 2016, following four years of drought and devastating impacts on the protected salmon caused by operation of the CVP, Reclamation and the Fisheries Service concluded that a reinitiation of consultation was required under the ESA regarding the effects of long-term operations of the Central Valley Project and State Water Project, and indicated that greater protections for the species were needed to prevent them from being driven extinct.

4.      On June 6, 2019, NRDC submitted a FOIA request to the Fisheries Service for records "related to the reinitiated ESA Section 7 consultation on the Coordinated Long-term Operation of the Central Valley Project and State Water Project" and endangered winter-run Chinook salmon and threatened spring-run Chinook salmon. The Fisheries Service acknowledged NRDC's submission of the FOIA request on June 6, 2019, and sent an

acknowledgement letter dated June 17, 2019 in which it invoked a ten-day extension beyond FOIA's standard twenty business day period to respond to requests. The agency was statutorily obligated to determine whether it would comply with NRDC's request within twenty business days. 5 U.S.C. § 552(a)(6)(A)(i). Yet to date, more than five months later, the Fisheries Service has failed to respond with the formal determination as required by the statute. The Fisheries Service has also failed to produce any documents in response to the FOIA request.

5. NRDC seeks a declaration that the Fisheries Service has violated FOIA by failing to provide a final determination as to whether it will comply with NRDC's request and by failing to produce responsive records by the statutory deadline. NRDC also seeks an injunction ordering the Fisheries Service to provide all non-exempt, responsive records without further delay.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. Venue is proper in the U.S. District Court for the District of Columbia. 5 U.S.C. § 552(a)(4)(B); 28 U.S.C. § 1391(e)(1).

## PARTIES

8. NRDC is a national and international, nonprofit environmental and public health membership organization with over 375,000 members in the United States, and over 66,000 in California. NRDC engages in research, advocacy, public education, and litigation to advance public health and the environment.

9. The Fisheries Service is a federal agency within the meaning of FOIA. 5 U.S.C. § 551(1). The Fisheries Service has possession and/or control of the records sought by NRDC's FOIA Request.

## STATUTORY AND REGULATORY FRAMEWORK

10. FOIA requires federal agencies to release, upon request, information to the public, unless one or more of nine statutory exemptions applies. 5 U.S.C. § 552.

11. Within twenty business days of an agency's receipt of a FOIA request, the agency must "determine . . . whether to comply" with the request. 5 U.S.C. § 552(a)(6)(A)(i). The agency must "immediately notify" the requester "of such determination and the reasons therefor." *Id*. If the agency determines that it will comply with a FOIA request, it must "promptly" produce responsive records to the requester. *Id*. § 552(a)(6)(C)(i).

12. The Fisheries Service's regulations implementing FOIA provide "a determination whether to comply with a FOIA request shall be made by [the Fisheries Service] within twenty (20) working days." 15 C.F.R. § 4.6(b). "If [the Fisheries Service] makes a determination to grant a request in whole or in part, it shall notify the requester in writing of such determination." *Id*. § 4.7(c). In its determination, the Fisheries Service must provide "the reasons therefor," 5 U.S.C. § 552(a)(6)(A)(1). In the case of an adverse determination, such as a full or partial denial, the Fisheries Service shall provide

> (i) The name and title or position of the person responsible for the denial; (ii) A brief statement of the reason(s) for the denial, including any FOIA exemption(s) applied by the component in denying the request; (iii) An estimate of the volume of any records or information withheld, by providing the number of pages or some other reasonable form of estimation. This estimate is not required if the volume is otherwise indicated by deletions marked on records that are disclosed in part, or if providing an estimate would harm an interest protected by an applicable FOIA exemption; (iv) A statement advising the requester of the right to seek dispute resolution services from the Department FOIA Public Liaison, the relevant component FOIA Public Liaison or FOIA contact, or OGIS; and (v) A statement that the denial may be appealed under §4.10, and a list of the requirements for filing an appeal set forth in §4.10(b).

15 C.F.R. § 4.7(c)(3).

13. The Fisheries Service's regulations provide that in "unusual circumstances" the Fisheries Service may extend the 20-day deadline up to ten (10) working days or longer. 15 C.F.R. §§ 4.6(b), (d). To extend its deadline, the Fisheries Service must "notify the requester of the extension in writing of the unusual circumstances involved and the date by which processing of the request is expected to be completed." *Id.* § 4.6(d). "If the extension is for more than ten working days, the [Fisheries Service] shall provide the requester with an opportunity to modify the request or agree to an alternative time period for processing the original or modified request." *Id.* If an agency does not make a final determination about whether it will comply with a FOIA request by the statutory deadline, the requester is deemed to have exhausted administrative remedies and may immediately seek judicial relief. 5 U.S.C. §§ 552(a)(4)(B), (6)(C)(i); 15 C.F.R. § 4.6(b).

## FACTS

14. In 2016, Reclamation reinitiated consultation under the ESA regarding the effects of long-term operations of the Central Valley Project and State Water Project because greater protections for endangered winter-run Chinook salmon and threatened spring-run Chinook salmon than provided in the current biological opinions were needed to prevent these species from being driven extinct.

15. On February 5, 2019, as part of this consultation process, Reclamation released a biological assessment in which it formally proposed to weaken or eliminate many of the protections for endangered fish in the current biological opinions.

16. The Fisheries Service circulated a draft of its biological opinion for independent peer review in June 2019. That June draft highlighted heightened risks to the listed species and their critical habitats.

17. The Fisheries Service issued a final biological opinion on October 22, 2019.

18. On June 6, 2019, NRDC requested records from the Fisheries Service related to the reinitiated ESA Section 7 consultation on the Coordinated Long-term Operation of the Central Valley Project and State Water Project. The letter is appended to this complaint as Attachment A.

19. In its FOIA request, NRDC sought the following specific information: "All records related to the reinitiated ESA Section 7 consultation on the Coordinated Long-term Operation of the Central Valley Project and State Water Project and endangered winter-run Chinook salmon; (2) All records related to the reinitiated ESA Section 7 consultation on the Coordinated Long-term Operation of the Central Valley Project and State Water Project and threatened spring-run Chinook salmon."

20. NRDC's request asked the Fisheries Service to waive any fees for the search and production of the requested records on the grounds that disclosure of the requested records is in the public interest, 5 U.S.C. § 552(a)(4)(A)(iii); *see also* 15 C.F.R. § 4.11(l)(i), and that NRDC qualifies as "a representative of the news media," 5 U.S.C. § 552(a)(4)(A)(ii)(II); *see also* 15 C.F.R. § 4.11(b)(6).

21. NRDC's FOIA request is intended to obtain information that would help it and the public understand the consultation process, influences on the consultation, and the analysis and basis for decisions and conclusions reached in the consultation.

22. On June 6, 2019, NRDC received an email from admin@foiaonline.gov confirming the submission of the June 6, 2019 FOIA request.

23. On June 17, 2019, the Fisheries Service issued an acknowledgment of NRDC's request. The Fisheries Service's acknowledgement letter is appended to this complaint as Attachment B.

24. In the June 17 letter, the Fisheries Service granted NRDC's fee waiver request.

25. The Fisheries Service also stated in the June 17 letter that "15 C.F.R. § 4.6(d)(2) allows an agency to extend the FOIA response deadline by ten business days for unusual circumstances. Due to the need to search for and collect the requested records from field facilities or other establishments separate from the office processing the request; we are choosing to invoke this 10 day extension."

26. The Fisheries Service's June 17 letter did not include a deadline for final determination. Nor did the Fisheries Service's June 17 letter state that the Fisheries Service was seeking a longer extension.

27. On July 17, 2019, an NRDC representative spoke with a Fisheries Service representative about the status of the request. In an email following the discussion, the Fisheries Service proposed "to extend the due date to October 1, 2019," and the Fisheries Service promised it would "provide [NRDC] with interim releases as early as next week and provide updates every two weeks until the final received October 1, 2019." A copy of this email and subsequent correspondence between NRDC and the Fisheries Service is appended as Attachment C.

28. On July 29, 2019, after having not received any documents or a determination letter from the Fisheries Service, NRDC contacted the Fisheries Service inquiring about the status of the request. A Fisheries Service representative responded that day stating "I just checked with the division and we are processing a few hundred documents to provide this week.

We will provide documents every other week following. I am hopeful you will receive the documents tomorrow." *See* Attachment C.

29. On August 2, 2019, a Fisheries Service representative emailed NRDC stating "I am sorry for the delay. I have all files for Interim ready to release to you on Monday 08/05/2019. I will also follow-up with you on Monday to ensure you can view all of the files." *See* Attachment C. No documents were provided to NRDC as promised.

30. On August 21, 2019, NRDC emailed the Fisheries Service stating, "I still have not received any response to my request. This is not the agreement that we reached. When will we receive materials?" A copy of this email and subsequent correspondence between NRDC and the Fisheries Service is appended as Attachment D.

31. On August 21, 2019, the Fisheries Service responded by email stating, "I was just provided notice Monday to release the first interim. We are making great progress on the entire request. I will call you to discuss. You should receive the first interim tomorrow." *See* Attachment D. No interim release was received as promised.

32. On October 22, 2019, NRDC emailed the Fisheries Service stating, "Having still received no responsive documents to this FOIA request that we submitted months ago, the Fisheries Service is now clearly violating the requirements of FOIA and we are preparing to take steps to enforce our rights. Please let me know if you have any materials to provide." *See* Attachment D.

33. On October 22, 2019 the Fisheries Service responded to NRDC's October 22, 2019 email stating "I have met with the Subject Matter Expert this morning and we will have a status update with an updated timeline by the end of the week." *See* Attachment D. No status update or updated timeline was provided by the promised date.

34. On October 22, 2019, NRDC responded to the Fisheries Service's email promising a status update stating, "Thank you, but we're looking for the overdue responsive documents by the end of the week, not a status update." *See* Attachment D. NRDC received no documents or a status update from the Fisheries Service by the end of that week.

35. On November 12, 2019, a Fisheries Service representative emailed NRDC stating "I am sorry for the delay. We have put together a schedule and working to complete your request. We anticipate that we will have all of the responsive records for your request NLT February 12, 2019. Keep in mind this request is extremely large covering several years and over 50+ staff members. We will work to provide interims during this time frame." A copy of the Fisheries Service's November 12, 2019 email is appended as Attachment E.

36. A formal determination indicating whether the Fisheries Service would comply with NRDC's FOIA request has never been provided by the Fisheries Service, nor have any documents been provided to NRDC in response to its FOIA request.

**CLAIM FOR RELIEF**

37. NRDC incorporates by reference all preceding paragraphs.

38. The Fisheries Service has violated, and is in continuing violation of, its statutory duty under FOIA to make a determination on NRDC's request and release all non-exempt, responsive records to NRDC. *See* 5 U.S.C. § 552(a). NRDC has a statutory right under FOIA to immediately obtain all requested records that are not exempt from disclosure under FOIA. The statutory deadline for the Fisheries Service to respond to NRDC's FOIA request and to provide such documents has passed.

39. The burden of justifying a decision to withhold or partially withhold documents requested under FOIA rests on the agency. *See id.* § 552(a)(4)(B). The Fisheries Service has

identified no basis, let alone any valid basis, for withholding or partially withholding the records that are responsive to NRDC's FOIA Request. Therefore, the Fisheries Service may not withhold or partially withhold any responsive records.

## REQUEST FOR RELIEF

NRDC respectfully requests that this Court enter judgment against the Fisheries Service as follows:

A. Declare that the Fisheries Service has violated FOIA by failing to provide a final determination as to whether it will comply with NRDC's FOIA Request and by failing to produce non-exempt records responsive to NRDC's FOIA Request by the statutory deadline;

B. Order the Fisheries Service to disclose to NRDC all responsive records without further delay;

C. To the extent the Fisheries Service contends that any responsive records are exempt or partially exempt from disclosure under FOIA, order the Fisheries Service to produce a log identifying any such records or parts thereof and the basis for the Fisheries Service's withholdings, and require the Fisheries Service to prove that the agency's decision to withhold or redact any such records is justified by law;

D. Award NRDC its reasonable costs and attorneys' fees; and

E. Grant such other and further relief as the Court deems just and proper.

DATED: November 22, 2019      /s/ *Rebecca Hammer*
REBECCA HAMMER (D.C. Bar No. 981297)
Natural Resources Defense Council
1152 15th Street, NW, Suite 300
Washington, DC 20005
Email: rhammer@nrdc.org

*Counsel for Plaintiff*